IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 17–127–BLG–SPW |
| Plaintiff, | |
| vs. | ORDER |
| VERNELLE LYNN BADBEAR, | |
| Defendant. | |

On October 4, 2022, Defendant Vernelle Lynn Badbear filed a second motion[1] to reduce her 120-month federal second-degree murder sentence under 18 U.S.C. § 3582(c)(1)(A). (Doc. 89; *see* Doc. 60 (Judg.).) Her projected release date is October 19, 2027. *See* Inmate Locator, http://www.bop.gov/inmateloc (accessed May 9, 2023). On October 11, 2022, counsel was appointed to represent the defendant. (Doc. 90.) Appointed counsel filed an amended motion on March 9, 2023. (Doc. 104.) The government opposes. (Doc. 107.) For the reasons stated below, Badbear's motion is denied.

## ANALYSIS

The First Step Act gives district courts wide discretion to reduce an existing term of imprisonment so long as a defendant first seeks relief from the Bureau of

---

[1] Badbear's first motion for compassionate release, (Doc. 74), was denied in April 2021, (*see* Doc. 76).

1

Prisons and the reduction: (1) is consistent with the applicable policy statements of the Sentencing Commission, (2) takes into consideration the sentencing factors of 18 U.S.C. § 3553(a), and (3) is warranted by "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i); *United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) (per curiam). Because the Sentencing Guidelines have not been updated since the First Step Act was passed, "the Sentencing Commission has not yet issued a policy statement 'applicable' to § 3582(c)(1)(A) motions filed by a defendant." *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (per curiam). Thus, this Court's decision turns on whether the defendant has presented extraordinary and compelling reasons for a reduction and whether that reduction comports with the objectives of § 3553(a). *See Keller*, 2 F.4th at 1284.

Here, Badbear argues that her enhanced susceptibility to COVID-19, her mental and physical conditions, and the change in circumstance surrounding the care of her children are extraordinary and compelling reasons for compassionate release. Ultimately, while Badbear has shown extraordinary and compelling reasons for early release, she fails to show release is warranted under the § 3553(a) factors. Accordingly, her motion is denied.

I.      **Exhaustion of Administrative Remedies**

A defendant may only file a motion for compassionate release with the district court once she has "fully exhausted all administrative rights to appeal a

2

failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Here, Badbear filed a request for relief with the warden at her facility on April 26, 2022. (*See* Doc. 104-1.) The warden did not respond. (*See id.*) Badbear has therefore exhausted her administrative remedies as required by statute.

## II.   Extraordinary and Compelling Reasons

While the First Step Act does not define "extraordinary and compelling reasons," the Sentencing Commission's nonbinding policy statements provide informative and illustrative examples of such reasons, including a "serious physical or medical condition" that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." USSG §1B1.13(1)(A)(ii), app. n. 1(A)(ii). The application notes also recognize "[t]he death or incapacitation of the caregiver of the defendant's minor . . . children." *Id.* app. n. 1(C)(i). Both are implicated here.

### A.   Medical Conditions

Many district courts have found that defendants can show extraordinary and compelling reasons exist if they show: "(1) their health conditions put them at an increased risk of severe COVID-19 symptoms and (2) they are at risk of infection."

3

*United States v. Stone,* 2022 WL 2483755, at *2 (E.D. Cal. July 6, 2022). This calculus can shift if a defendant is vaccinated, although a defendant may then "offer [] evidence of an elevated personal risk of severe harm despite the protections of vaccination." *Id.*

Badbear is 40 years old. (PSR at 3.) She suffers from chronic lung disease and chronic asthma, both of which she has had since childhood. Badbear also suffers from cardiac arrhythmia—diagnosed in May 2022—and takes betablockers for the intermittent chest-pain. Badbear has a BMI of 25.9%, which classifies her as overweight. She is also affected by several mental conditions including: moderate major depressive disorder, generalized anxiety disorder, post-traumatic stress disorder, and battered woman syndrome. She was diagnosed in December 2021 as having substance-abuse disorder, specifically pertaining to alcohol. (*See* Docs. 89-2, 104-2.)

While Badbear is fully vaccinated against COVID-19 and has received a booster shot, her medical conditions place her at a greater risk of developing severe illness as a result. *See* Centers for Disease Control, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated Feb. 10, 2023, and accessed May 5, 2023) ("A person's risk of severe illness from COVID-19 increases as the number of underlying medical conditions they have increases.").

4

Badbear's chronic lung disease, chronic asthma and cardiac arrhythmia "make [her] more likely to get very sick from COVID-19," and "[t]he risk of severe illness from covid-19 increases sharply with higher BMI." *Id.* Moreover, Badbear had an adverse reaction to the Moderna booster, rendering her ineligible for any further doses of a COVID-19 vaccine. (*See* Doc. 104 at 17.) The government concedes that Badbear's medical conditions and ineligibility for boosters qualifies as an extraordinary and compelling reason for release. (Doc. 107 at 4.)

### B.   Family Circumstances

Badbear's four children, aged 6, 7, 15 and 20 years, are currently cared for by a relative. When this Court previously denied Badbear's request for compassionate release, her children were cared for by Badbear's mother. (*See* Doc. 74.) Badbear's mother, the primary caregiver for her children, has since passed away from COVID-19. (*See* Doc. 104 at 3.) The children's current caregiver has indicated that the continued care of Badbear's children would be difficult, if not impossible. Moreover, the family states that Badbear's absence leaves them struggling financially. (*See id.* at 18.) Ultimately, the change in circumstances surrounding the care of Badbear's children qualifies as an independent extraordinary and compelling reason warranting relief.

### C.   Rehabilitation and Post-Sentencing Conduct

Finally, while nondeterminative, courts often consider rehabilitation of a

5

defendant when reviewing a motion for compassionate release. *See United States v. Brown,* 457 F. Supp. 3d 691, 701 (S.D. Iowa Apr. 29, 2020) (finding defendant's rehabilitation "cuts in favor" of compassionate release); *United States v. Foreman,* 2021 WL 2143819, at *5-6 (N.D. Okla. May 26, 2021) (granting sentence reduction due to disparity, rehabilitation, and good behavior during incarceration). Badbear's records indicate that she has sought treatment for her mental health issues while incarcerated. She has also participated in many educational and rehabilitative programs. Her transcript reflects a broad array of study areas including culinary arts, writing courses, art, film study, crafts, and music. (*See* Doc. 104-4.) Badbear has also taken University of California, Los Angeles Pilot Courses, where she enrolled in World Arts and Cultures and Justice Studies 1. (*See* Doc. 89-3 at 376.) She also participated in anger management and non-residential drug abuse program courses, which are particularly relevant given the nature of her offense. (*See id.* at 380.) And Badbear has a clean disciplinary record from the Bureau of Prisons. Nevertheless, while laudable, Badbear's rehabilitation does not provide independent extraordinary and compelling justification for early release. Her rehabilitation is considered, however, in the context of the § 3553(a) factors as discussed below.

### III. Section 3553(a) Factors

Demonstrating an extraordinary and compelling reason to reduce a sentence

meets only one element of § 3582(c)(1)(A). To determine whether relief is appropriate, a court must also consider the federal sentencing objectives set forth in 18 U.S.C. § 3553(a). Pertinent factors include the "nature and circumstances of the offense and the history and characteristics of the defendant," the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," to deter criminal conduct and protect the public, and to provide effective correctional treatment, including education or vocational training and medical care. *See* 18 U.S.C. § 3553(a)(1), (2). Courts may also consider the advisory guideline range and the need to "avoid unwarranted sentencing disparities" among similarly situated defendants. *See id.* § 3553(a)(4), (6).

In November 2016, Badbear intentionally struck Freeman Bends, her common law husband, with a minivan and left him at the side of the road where he succumbed to his injures days later on the roadside. While Badbear initially told authorities she did not know what happened to Bends, she ultimately admitted to the FBI that she intentionally struck him, left him there, and never returned to check on him despite the proximity of the site to her home. Moreover, while Badbear initially said that she acted out of anger as Bends had gotten drunk while watching their children, she later told a different story during a mental health evaluation, alleging that Bends drugged her that night and that she did not

remember the incident.

At sentencing, Badbear's total offense level was determined to be 35 and, with a criminal history category of I, the applicable guideline range was calculated at 168 to 210 months. (*See* Doc. 70 at 5.) The government requested a sentence within the advisory guidelines of 180 months, primarily based on Badbear's initial lies to law enforcement and her failure to seek aid for Bends after the incident. (*See* Doc. 53.) Badbear, on the other hand, requested a significant downward variance to 48 months based on a myriad of mental and substance abuse disorders, including battered wife syndrome. (*See* Doc. 45.) Badbear also alleged that she had taken significant steps to address her mental health since being arrested, including regular visits with a mental health provider. The Court considered these facts when originally sentencing the defendant, specifically Badbear's mental health and the circumstances surrounding the offense. As a result, Badbear received a significant downward variance to a sentence of 120 months. (Doc. 60.)

As discussed above, while Badbear has taken efforts to pursue educational opportunities and address her mental health issues, much of what Badbear argues was favorably considered during the sentencing in this case. Badbear's extensive handwritten filings also show that while her situation prior to the incident was undisputedly difficult, she still does not appear to recognize the gravity of her crime. Simply put, Badbear received a significant downward variance at the time

of her sentencing, has served less than half of that time, and any further reduction would denigrate the seriousness of her crimes and undermine respect for the law. *See* 18 U.S.C. § 3553(a)(2)(A)–(C).

## CONCLUSION

Accordingly, IT IS ORDERED that the defendant's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) (Docs. 89, 104) is DENIED.

DATED this 9th day of May, 2023.

Susan P. Watters, District Judge
United States District Court

of her sentencing, has served less than half of that time, and any further reduction would denigrate the seriousness of her crimes and undermine respect for the law. *See* 18 U.S.C. § 3553(a)(2)(A)–(C).

## CONCLUSION

Accordingly, IT IS ORDERED that the defendant's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) (Docs. 89, 104) is DENIED.

DATED this 9th day of May, 2023.

Susan P. Watters, District Judge
United States District Court